1726.31 Our final case this morning is Van Cannon v. United States, case number 1726.31. Ms. White, you're spending a lot of time in Chicago this month. I am, Your Honor. May it please the Court, in the last couple of years since Johnson came out, the federal courts have spent some time working out whether various state statutes fit within the elements-only enumerated offenses, because there's no catch-all phrase anymore. And a lot of those cases involve tricky, complicated categorical analysis issues. This case is not one of them. It's pretty simple. I know the time is limited, and we should talk about the merits argument, but I do have a couple of questions about the procedural posture that the case comes to us on. Judge Crabb denied the 2255 motion, which was Johnson-based, because two of the five predicates, if I'm counting correctly, were residual clause convictions and no longer counted. And so the question is whether the remaining convictions qualify. And that's a question of whether the Johnson era was harmless, and the judge issued a decision denying relief, and then a month later, on her own initiative, withdrew that decision, reopened the case, appointed counsel, and had the issue of the burglary conviction as a qualifying predicate briefed in light of the Eighth Circuit's decision in MacArthur. And I need to know by what authority the court did that, and what we actually have before us right now. Sure. Well, the court had the authority. I mean, under Rule 60B, she could reopen the judgment, and that- Well, we didn't have a motion. Correct. There was no motion. It was a motion, and 60B says on motion. This court has never said that a court can't do it on its own motion. The government here pointed out that there, at least as of a few years ago, there was a bit of a split, but the vast majority of the circuits have decided the court is capable on its own motion. And frankly, this is just the kind of case where that would come up and it makes sense, because we have a pro se defendant that frankly had no idea that there was this big issue out there being litigated. But we don't have the interpretive question briefed here about whether Rule 60B admits of that interpretation or not. That is correct, because everyone in this case has always been under the impression that that is exactly what happened to the judge and the parties. We briefed the case. She entered a new judgment. She issued a certificate of appealability. And so- Well, but the notice of appeal is only timely with respect to the second order, not the first. That is correct, Your Honor. So we do need to decide the court's authority to issue her decision here in order to get to the merits. Right. Well, again, the judge reopened that judgment, and the authority would be under Rule 60B, Your Honor. Well, I know that's what you're saying now. We don't have that issue briefed, and there is a circuit split, and if we're being asked to actually affirmatively weigh in on one side or the other of a circuit split on the scope of Rule 60B and whether on motion also includes on the court's own motion, we would need to have that briefed. If you would like to brief, to have me brief it, I'd be happy to do that. I think because the parties are in agreement on this, it's not necessarily the case where this court wants to weigh in on the circuit split. It may make more sense where there's an adversarial. But there's a timeliness question as to the Notice of Appeal if all we have is the first denial. I'm not sure if I understand Your Honor's question. Well, the Notice of Appeal is not timely as to the judge's first order. If she had no authority to reopen, then we have a Notice of Appeal that's untimely as to the first order. Correct. And if you want supplemental briefing on her authority to vacate that, I would be happy to provide it, Your Honor. So the second order, you're correct, I mean, the one that we are appealing after the original order was vacated, we have the final order, was really focused on Mathis. But for two reasons, actually, this isn't a Mathis case. Number one, our discussion of Taylor and Mathis, much less so than Taylor, is really about harmlessness. But in addition, there was some confusion in that order, which again, this isn't briefed because we agree on this. But the concern isn't that Mathis isn't retroactive. In fact, if it's an old law, then Teague says it is retroactive. The bigger problem would be, at that point, timeliness or procedural default. The government has repeatedly waived affirmatively any procedural default or timeliness issue in this case. So turning back to the merits question, in Taylor, the Supreme Court defined the essential elements of generic burglary. One of those elements is intent to commit a crime. In Minnesota, a prosecutor does not have to prove intent to commit a crime in order to get a burglary conviction. So pretty simply, it's just not generic burglary. Now there is this circuit split on whether burglary statutes like this one can be considered generic burglary. And that arises out of the government's argument that every crime requires proof of intent, and so commission of a crime necessarily requires proof of intent. In the cases involved in the circuit split, apparently the defendants accepted that underlying proposition, and then argued that the Taylor meaning of intent is really about burglarious intent, which is essentially, as Lefebvre puts it, intrusion with a specific purpose. Intrusion with a purpose to commit a crime. And to be clear, the defendants in those circuit split cases are absolutely correct. That is the intent that Taylor was talking about. But you don't have to actually get into the more complex discussion of the trespassery element versus the intent element, because Mr. Van Cannon does not accept the government's proposition that every crime requires proof of intent. In Minnesota, prosecutors do not have to prove intent to prove the crime of burglary. If there are no questions? So with regard to the, I'm sorry. The key question here is whether the second version of second degree burglary, the first version clearly is generic for burglary, the second version, the second means of committing second degree burglary is the breaking and entering without consent, or a non-consensual remaining in the building, plus the commission of a crime. And as I understand the government's argument that that is a form of, quote unquote, remaining in burglary under Taylor and the generic definition, it doesn't matter when the intent to commit the crime is formed, because as long as it's formed in the building that it was broken into, or that the defendant remained in unlawfully, then that's good enough for generic burglary. So I think we really do have to engage with the contemporaneous intent requirement of generic burglary, or the purpose element of generic burglary, as it was explained in Taylor. Well, in my view, if not every crime is intentional, then there simply is no intent. Whether it's contemporaneous or not, there's no intent. If you accept the idea that there's intent in every crime that you might commit while in a trespass structure, then you absolutely have to engage with that, and I think we cover it pretty thoroughly in our briefs, but the idea of intent in burglary has always been intent to commit a crime that is formed at the time of entry, at the time of remaining in, because the presence in the intruded structure with this intent is the crux of what burglary is and always has been. So when you say forming the intent at the time of remaining in, you mean at the time that the individual decides, okay, I'm going to remain in this building, I'm going to remain here for the purpose of committing a crime. That's correct, Your Honor. Just as the Eighth Circuit explained, and it's easier to think of it in concrete terms, for me at least, of you go into Walmart, you hide in a bathroom. That's the point, and you're remaining in once the store closes. You have the intent to commit a crime at that point. Or again, a lot of states, instead of remaining in, they refer to it as going to a part of the building where you don't have consent to go. It's the going into that with intent, which is the crime, which is why you can be charged with burglary in every state except apparently four, including Minnesota, without committing any crime in the building, because the crime is completed upon the intrusion with the specified intent. Could I ask you a geographic question? Does this issue come up in Indiana, Illinois, or Wisconsin burglary statutes? It does not, Your Honor. As far as I know. Thank you. Certainly not Wisconsin, which I'm most familiar with. Okay. Thank you. Mr. Goodhand. May it please the Court, David Goodhand for the United States. Addressing first the procedural question Your Honor raised, as I was sitting there, I was trying to remember for the life of me why I hadn't invoked the United States' jurisdictional opportunity. I was trying to crunch the numbers as I was sitting there, and I think one answer to that question, because when I was briefing this, I noticed this oddity of the district courts who is Fonte acting. And I think ultimately I concluded there were two things going on here, which is why the United States, myself acting as the United States, did not invoke our sort of gatekeeping requirement and ask you to dismiss the appeal. Because of course, as this Court knows, it's not jurisdictional. I'm sorry. What's not jurisdictional? Well, to the extent that the timeliness of a notice of appeal, it certainly used to be the case that it was a hard and fast rule, and this Court had no authority. As I understand it now, and I can't conjure up the cases off the top of my head, but the Supreme Court has since said there's a difference between claims processing rules that have been blessed. The time limit for appeal in a civil matter is statutory. Yes. And as I understand it, that means that- It is jurisdictional. Yes. You said in your brief you were waiving any untimeliness issue, but you can't. It's a jurisdictional impediment if it's untimely, because the time limit is in the statute, as well as the rule, but it's in the statute. I may be misunderstanding, and I may be dead wrong, but I don't think that's been decided with respect to the criminal appellate rules. We're not in that domain. This is habeas, which is 2107, 28 U.S. correct, 2107. Thank you. Thank you. And perhaps that's why I- Overlooked it. Yes. Exactly. Quite candidly. But are you in agreement with Ms. Fite that Rule 60B covers this? I just wasn't briefed one way or the other. No. No. No. I mean, I look at Rule 60B, and it says on motion, and I know that some courts have come out and said, well, on motion means on motion. If you don't have a motion, then that doesn't mean a court can act, so it's ponte. Well, do we have to decide that question to reach the merits of the predicate burglary question, or are you waiving it? Are you waiving the 60B argument? To the extent you can. Well, right. To the extent that I can, I guess if defendant files a brief, I'd like a chance to respond, because I didn't think through it quite clearly. Well, a waiver of the Rule 60B argument is separate from an attempt to waive a timeliness question. I understand. You might be able to do the former. You can't do the latter. I think we can treat this as a waiver to the extent legally permissible at this point, given what we've got. So you don't want to make any commitments right now as you stand right there? I don't. I don't. Because, frankly, I was the first one to notice this, and I was the one that brought it to the court's attention. It's fine. I won't make you commit now. I appreciate that. You can just plow ahead to the merits. Thank you. As to the merits, turning to the contemporaneous intent suggestion that MacArthur and the defendant has pushed to this court and briefed, we think it contravenes Taylor's generic burglary definition for two reasons. First of all, it undermines the common sense understanding of remains. When you look at what remains means in sort of a literal sense, it means the persistence of a continuing state of affairs. MacArthur, of course, says the opposite and says, no, remains is a discrete event. Once it happens, that's the end of the discussion. That just seems wrong from a common sense understanding, number one. Number two, it undermines, I would suggest, I think what Taylor said was the purpose of Congress putting burglary into ACCA to begin with. When you have an intrusion into a structure, Congress recognized there are all sorts of dangers attendant that. MacArthur's cramped understanding of remains excises that dangerous scenario. You have just as much danger and risk of violence. But we don't do a risk analysis anymore. No. That's a residual clause concept. Totally understand. My point is that Taylor emphasizes that Congress put burglary in there because of that risk of violence. I'm not suggesting- That doesn't help us do an elements analysis about whether this is or isn't generic burglary. I think it does to the extent that if you're asking the question of whether or not this reading of remains makes sense, if it undermines Taylor's purpose, which is a broad swath of burglary should be included, then that's a piece of the puzzle in the analysis. And so I think those two pieces of the puzzle are important. And, of course, we have several jurisdictions who have concluded, contrary to MacArthur, Bonilla for one says the Texas statute remains in. You don't need a particular discreet event. Quarrels out of the Sixth Circuit is to the same effect, construing the Tennessee statute. So to my mind, those three elements together undermine MacArthur's import. So, Mr. Goodhand, Taylor, in coming up with the somewhat oracular definition of generic burglary, relied on the model penal code and, if I recall correctly, Lefebvre's treatise figures in this as well. Yes. And if we go back to that 1986 version of the Lefebvre treatise, there's only one state that seems to have this approach. It's clearly Texas. It's clearly an outlier. And so it would seem to me a bit of a stretch to say that Taylor's generic definition intended to include the outlying, the outlier. My other question is, in essence, why should we disagree with the Eighth Circuit's interpretation of Minnesota law here? Turning to your first question first, as this court has said, this is a common law definition that evolves, number one. So the fact that there might have been an outlier in 1986, I'm sorry, is, go ahead. Is it your suggestion that burglary, that the applicable definition of burglary is no longer what Taylor meant? No. I think all this court recognized recently in the 28J letter I sent you is that, no, it's an evolving common law definition. So the fact that some states have now begun to embrace this particular intent to commit a crime and commission of a crime is something that this court can take into consideration. Sounds like a living constitution, Mr. Hanford. Again, this is what your court recently said, recently. Number two. Burglary is statutory in all 50 states, is it not? There are no common law crimes?  So I'm not sure where this is going. Well, number two, the remaining in feature of burglary is a majority of states. The variant that we're talking about here is with the alternative of either intent to commit a crime or a crime, and as LaFave now points out, there are five states that fall into that category. I'm sorry. I don't know. So let me give you a hypothetical, because I think it does help to kind of think about concrete terms. I'm trying to assess the intent to remain versus the intent to commit the crime, whether they have to take place at the same time. So assume a scenario where, say, a homeless individual during one of the cold Chicago winter days goes into a department store, goes into the bathroom to stay warm. Unbeknownst to that person, the department store closes. So that person is remaining in the department store, has no authority to do so, and he realizes the department store closes, and his only intent is to get out because he doesn't want to be there anymore, because he realizes he shouldn't be there. As he goes out, he sees something on the counter that doesn't belong to him. He takes it, leaves the building. Would that fact scenario fit within, according to the government, the generic definition of burglary as espoused in Taylor? Yes. And so even though he has no intent to remain, because he had the intent to commit the later crime, you believe that that is encompassed in Taylor? Yes. He was unlawfully in the store, and at that unlawful point of being in the store, he then turned the page and committed a crime. The fact that there's overlap there, from the government's perspective, means that is a generic Taylor burglary. That's a shoplifting plus trespass. That's not burglary. It meets the burglary definition of the Minnesota statute, but it's not burglary as defined in Taylor or as known at common law. The gravamen of burglary is breaking and entering a premises without authority, lawful authority, with a particular intent that is criminal intent. And without criminal intent, there is no burglary. I see my time's expired. Can I just address your question? Things have progressed much beyond the brief. Well, yes, statutory definitions have progressed, but that doesn't matter under Taylor. Taylor gives us a definition of generic burglary. I just stated it. And the fact that it may be out of date based on more recent developments in state burglary statutes doesn't mean we're not, we don't have to deal with it. We can't just say Taylor has evolved. Taylor does have the remaining in feature of it. Taylor recognized it. Yeah, but that's part of the trespassery element. In other words, it's a, it's part of the breaking and entering. Breaking and entering includes remaining in without permission. So you either break the close, as used to be said at common law, or you remain in without authority and with a particular intent, that is to say criminal intent. Yes. So if there is no criminal intent, at the moment you break the close or remain in, then you haven't committed a burglary, as Taylor understood it and as the common law understood it. Well, we agree, as does Bonilla, as does Quarles, that if you have that symmetry between the that is the definition of a contemporaneous intent that is what- You concede that there are crimes of recklessness in many state codes? Sure. So there would be no intentional crime if the defendant commits a crime of recklessness? Well, this gets to the first part of my opponent's argument and I- You do have to answer my question. I just want to make sure I'm not, yes, there are reckless crimes. I think it's telling, however, that the defendant has not come forward and shown that Minnesota is out there using this alternative means of committing a crime to demonstrate an intent to commit a crime in the reckless category and I understand Dwayne's to stand for the proposition that if the defendant is suggesting that Minnesota is out there in left field exercising its discretion and prosecuting crimes without an intent element, then it's incumbent upon the defendant to show that. No, there's no constitutional problem in having crimes of recklessness. Those crimes if committed in a trespassed premises would count as burglary under the second half of the second degree burglary definition. So a crime of recklessness, a crime of negligence, there are some negligent crimes. Sure. Strict liability crimes, I suppose. Sure, but this gets back around to our core point, which is that it's not any crime that qualifies. It's a crime that's a statutory offense that's subject to imprisonment. As Staples recognized, generally, ordinarily, those are intentional crimes. But there are many crimes of recklessness that do not require- Absolutely. And that will result in prison terms. Absolutely. And my only point, and I'll finish on this, is that my defendant has not pointed to a single instance where Minnesota is prosecuting burglaries- That doesn't matter. There are many crimes of recklessness on the books, and they all qualify for purposes of the second degree burglary statute in Minnesota as a matter of law. Whether they're being prosecuted doesn't really matter. We would ask that you affirm the judgment below. Thank you. Thank you. Ms. Veit, I'll give you an extra couple of minutes. We let your opponent go on for a while. Well, Your Honor, I was actually planning to waive rebuttal unless you have further questions for me. Oh, that's fine. Okay. Thank you. You were giving me the evil eye, like you wanted more time. Okay, fine. Thank you. All right. The case is taken under advisement, our thanks to both counsel. And that concludes our calendar for the day. Court is in recess.